555 A.2d 502

**MURRAY INTERNATIONAL FREIGHT CORP.**

v.

**Thomas E. GRAHAM.**

**No. 102, Sept. Term, 1988.**

Court of Appeals of Maryland.

March 31, 1989.

544

Yvette N. Diamond (Stanley Alpert, Cohen and Alpert, all on brief) Baltimore, for petitioner.

Wallace Kleid (S. Michael Floam, Floam & Kleid, all on brief) Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland, retired, Specially Assigned.

ADKINS, Judge.

This case presents the question whether petitioner, Murray International Freight Corporation (Murray International), is collaterally estopped from relitigating a Workmen's Compensation Commission's (Commission) determination of the employment status of respondent, Thomas E. Graham (Graham). We shall hold that on the facts of this case the collateral estoppel doctrine is inapplicable for two reasons. First, issue preclusion does not apply, since the fact-finding sought to be relitigated was not essential to the Commission's decision. Second, the doctrine is not available because the party against whom it is sought to be asserted could not have appealed from the decision that allegedly embodied the fact-finding in question.

I.

At the times relevant to this case, Murray International was a trucking company operating out of Baltimore County. Graham was the owner-operator of a tractor; he hauled freight for Murray International. Whether Graham was an independent contractor or an employee of Murray International is, as we shall see, a matter of some debate. In any case, Graham and Murray International at one point agreed that the latter would afford Graham coverage under its workers' compensation insurance policy. Murray Interna-

tional deducted from Graham's remuneration the premiums reflecting this coverage.

On 24 September 1985, Graham was allegedly injured while hauling freight for Murray International. He claimed workers' compensation. In opposition to the claim, Murray International raised several issues, one of them being that of Graham's employment status. On 17 April 1986, after hearing, the Commission passed an order finding that Graham "was an employee of Murray International Freight but ... that the claimant did not sustain an accidental injury arising out of and in the course of his employment...." Graham's claim was disallowed. Apparently, no one appealed.

The scene now shifts to the District Court of Maryland. There, Graham sued Murray International to recover the workers' compensation premiums the corporation had deducted from his pay. The theory of the action was that since Graham had been a corporate employee, the employer itself should have paid the premiums, and any agreement to the contrary was invalid.[1] Conflicting evidence on the employment issue was presented, but Graham prevailed when the District Court held "the doctrine of collateral estoppel requires this court to leave the Commission's finding that the plaintiff, Thomas Graham, was an employee conclusive, unreviewable, and final."

Murray International sought solace from the Circuit Court for Baltimore County, but in vain. That court agreed with the District Court: "Since the issue here is collateral estoppel, it was not necessary for the District Court ... to review the evidence before it." It affirmed. We granted certiorari.

---

1. Maryland Code (1985 Repl.Vol.), Art. 101, § 51 in pertinent part declares "[n]o agreement by such employee to pay any portion of the premium paid by such employer shall be valid, and any employer who deducts any portion of such premium from the wages or salary of any employee entitled to the benefits of this article shall be guilty of a misdemeanor...."

## II.

■ As a matter of general policy, the law ordinarily precludes the relitigation of matters that have been fully and fairly litigated and finally decided between parties, by a tribunal of competent jurisdiction. This policy avoids "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 973–974, 59 L.Ed.2d 210, 217 (1979). *See Pat Perusse Realty v. Lingo,* 249 Md. 33, 45, 238 A.2d 100, 107 (1968). *See also MPC, Inc. v. Kenny,* 279 Md. 29, 35, 367 A.2d 486, 490 (1977) (public policy against interminable delay "applies with equal vigor in cases of collateral estoppel").

Thus, rules have developed to preserve the conclusive effect of judgments, except on appeal or other direct review. These rules, sometimes referred to under the rubric of "res judicata," include both claim preclusion and issue preclusion (sometimes here termed "collateral estoppel"). *Kent County Bd. of Educ. v. Bilbrough,* 309 Md. 487, 489–490, 525 A.2d 232, 233 (1987); *Cook v. State,* 281 Md. 665, 668, 381 A.2d 671, 673, *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978); *Scott v. Dep't of Social Services,* 76 Md.App. 357, 374, 375 n. 19, 545 A.2d 81, 90 n. 19, *cert. denied,* 314 Md. 193, 550 A.2d 381 (1988). *See also* J. Friedenthal, M. Kane and A. Miller, *Civil Procedure* § 14.1, at 607–609 (1985). We deal here with the latter, which has been thus described: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments* § 27 (1982). *See also Welsh v. Gerber Products, Inc.,* 315 Md. 510, 517, 555 A.2d 486, 489 (1989).

These principles are well-settled. *LeBrun v. Marcey,* 199 Md. 223, 227–228, 86 A.2d 512, 514–515 (1952) (quoting with approval § 68 of the original *Restatement of Judgments*

(1942), embodied without pertinent substantive change in § 27 of the *Restatement (Second)* quoted immediately above).[2] What is not so well-settled, at least in Maryland, is whether a determination of the Commission is entitled to preclusive effect. *Restatement (Second) of Judgments* § 83(1) instructs (subject to exceptions) that "a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." Section 83(2) lists the "essential elements of adjudication" that must prevail if judgment of an administrative tribunal is to qualify for res judicata treatment. Judge Eldridge, writing for the Court in *White v. Prince George's County,* 282 Md. 641, 658, 387 A.2d 260, 270 (1978), explained that the Maryland Tax Court, an administrative agency, "functions in many respects as a court" and concluded "that the decisions of the Tax Court have res judicata effect." *See also Woodlawn Ass'n v. Board,* 241 Md. 187, 194–195, 216 A.2d 149, 154–155 (1966) (questioning earlier decisions declining to apply res judicata to decisions of administrative agencies) and *Bd. of Co. Comm'rs v. Racine,* 24 Md.App. 435, 447, 332 A.2d 306, 313 (1975) (applying some of the principles of res judicata to a zoning board decision).

Turning more specifically to cases involving the Commission, our decision in *Criminal Inj. Comp. Bd. v. Gould,* 273 Md. 486, 519, 331 A.2d 55, 75 (1975), may be read as affording preclusive effect to a Commission determination. *See also, e.g., Dolan v. Kent Research & Mfg. Co.,* 63 Md.App. 55, 68, 491 A.2d 1226, 1233 (1985) (res judicata and

---

**2.** Section 68 of the *Restatement of Judgments* (1942) reads in pertinent part:

> (1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action....
>
> (2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action.

collateral estoppel discussed but neither doctrine applicable under facts); *Subsequent Injury Fund v. Baker,* 40 Md. App. 339, 344–345, 392 A.2d 94, 97–98 (1978) (even if res judicata applicable to Commission decision, effect limited by Art. 101, § 40(c)).[3] But if we assume, arguendo, that res judicata effect ordinarily attends the Commission's decisions, Graham still cannot invoke the benefits of collateral estoppel. *See Mackall v. Zayre Corp.,* 293 Md. 221, 227, 443 A.2d 98, 101 (1982). We explain.

### III.

Assuming, without deciding, that a court may, in general, give collateral estoppel effect to a Commission decision, there are prerequisites to be met before that can be done in a particular case. These are summarized in § 27 of the *Restatement (Second),* which we have quoted above. One of these is identity of parties. That is present here; Graham and Murray International were adversaries both before the Commission and in the subsequent District Court litigation. A second prerequisite is that the issue of fact or law actually be litigated. *See Welsh,* 315 Md. at 518, 555 A.2d at 490. The parties are at considerable odds over whether much, if any, evidence about Graham's employment status was presented to the Commission. We cannot resolve the dispute because the record does not include the transcript of the Commission hearing. But the issue was certainly before the Commission. It was raised by Murray International and its insurer in the "Issues" form they presented to the Commission; it was expressly noted by the Commission in its order of 17 April 1986; and it was determined in that order. The *Restatement (Second)* teaches that "[w]hen an issue is properly raised, by the pleadings or otherwise, and

---

**3.** A Maryland treatise concludes that *"[r]es judicata* is not, generally speaking, applicable to awards made by the Commission." R. Gilbert and R. Humphreys, *Maryland Workers' Compensation Handbook* § 17.8, at 320 (1988). *But see* A. Larson, 3 *Workmen's Compensation Law* § 79.72(a) (1988) (concepts of res judicata do apply to decisions of workers' compensation commissions).

is submitted for determination, and is determined, the issue is actually litigated within the meaning of [§ 27]." Section 27 comment d. See comment e for discussion of when issues are not actually litigated.[4] We shall assume that the issue of Graham's employment status was actually litigated before the Commission.

But this is as far as we can accompany Graham on the road to collateral estoppel. The employment issue was not "essential to the [Commission's] judgment." And what is even more important, Murray International could not have appealed from that "judgment." As we shall show, either factor alone precludes giving collateral estoppel effect to the Commission's order.

■ The Commission's "judgment" read:

It is, therefore, this 17 day of April, 1986, by the Workers' Compensation Commission ORDERED that the claim filed herein by Thomas Edward Graham, claimant, against Murray International Freight, employer, and State Accident Fund, insurer, be and the same is hereby disallowed.

Patently, no determination that Graham was an employee of Murray International was essential to that "judgment." The Commission could have reached the same result without making any determination of Graham's employment status. For example, it could have determined that Graham had suffered no accidental injury, or that there was no causal connection between the injury and Graham's disability, or that (assuming employment) the injury did not arise out of or in the course of that employment. The fact that it found in a preliminary portion of its order that Graham was an employee of Murray International makes no difference. We turn again to the *Restatement (Second)*, this time to § 27 comment h:

---

4. For a scholarly treatment of the "actually litigated" issue in the context of a consent judgment, see Judge McAuliffe's opinion for the Court in *Welsh v. Gerber Products, Inc.,* 315 Md. 510, 518–522, 555 A.2d 486, 490–492 (1989).

If issues are determined but the judgment is not dependent on the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made. In the circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.

The *Restatement* provides an illustration:

14. A, as owner of a trademark, brings an action against B for an infringement. B denies the validity of the trademark and denies infringement. The court finds that the trademark is valid, but that B had not infringed it, and gives judgment for B. Thereafter A brings an action against B alleging that since the rendition of the judgment B infringed the trademark. B is not precluded from defending this action on the ground that the trademark is invalid.

This illustration neatly fits the facts before us.

A similar point is capsulized in comment o of § 68 of the original *Restatement of Judgments*, as favorably quoted in *LeBrun, supra,* 199 Md. at 227–228, 86 A.2d at 514:

"Thus, if the defendant interposes two defenses, either of which is sufficient to bar the plaintiff's claim, and there is a finding for the defendant on one of the issues, a finding for the plaintiff on the other issue is immaterial to the judgment, since the judgment would be for the defendant whichever way the court should find on the other issue."

This Court further noted that estoppel does not apply to immaterial matters. 199 Md. at 228, 86 A.2d at 514. *See also Paolino v. McCormick & Co.,* 314 Md. 575, 582, 552 A.2d 868, 871 (1989) (Commission's statement as to limitations was no more than step in reasoning that allowed Commission to reach dispositive issue).

Since the determination that Graham was an employee was not essential to the Commission's decision to deny his claim, the determination can have no preclusive effect in the litigation between Graham and Murray International. While this alone is sufficient to reverse the decision of the circuit court, we hold that the same result also is compelled by the fact that Murray International could not have appealed from the Commission's order.

As our earlier quotation from the *Restatement (Second)* § 27 comment h illustrates, "[i]f review is unavailable because the party who lost on the issue obtained a judgment in his favor, the general rule of § 27 is inapplicable by its own terms." *Restatement (Second)* § 28 comment a. Indeed, that ordinarily is true even if all of § 27's prerequisites for preclusion are met, but "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action...." *Restatement (Second)* § 28(1). *See Grau v. Board of Zoning Appeals*, 210 Md. 19, 24, 122 A.2d 824, 826 (1956) (applying § 69(2) of *Restatement of Judgments*, predecessor to § 28(1) of *Restatement (Second) of Judgments*);[5] *Lake Fls. Assn. v. Bd. of Zon. Appeals*, 209 Md. 561, 567, 121 A.2d 809, 812 (1956) (same); *see also Dorsey v. Solomon*, 435 F.Supp. 725 (D.Md.1977). The question then becomes whether Murray International could have appealed from the Commission's order.

We answered the question in *Paolino v. McCormick & Co.*, 314 Md. 575, 552 A.2d 868 (1989). There, Paolino (the employee) had sought to reopen an order of the Commission pursuant to Article 101, § 40(c). McCormick (the employer) argued that the petition was time-barred. The Commission determined that the claim was not time-barred, but, never-

---

**5.** *Restatement of Judgments* § 69(2) (1942) reads:

Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action.

theless, rejected it. *Paolino,* 314 Md. at 578, 552 A.2d at 869. We held that order was "wholly favorable to McCormick" and thus unappealable by McCormick, 314 Md. at 582–584, 552 A.2d at 871–872, for an order that is wholly in a party's favor ordinarily is not appealable by that party. *Paolino,* 314 Md. at 579–582, 552 A.2d at 869–871 and cases cited therein.

For purposes of appealability, a final order or final action of the Commission is " 'an order or award made by the Commission in the matter then before it, determining the issues of law and of fact necessary for a resolution of the problem presented in that particular proceeding *and* which grants or denies some benefit under the Act.' " *Paolino,* 314 Md. 583, 552 A.2d at 872 (quoting *Great American Ins. v. Havenner,* 33 Md.App. 326, 332, 364 A.2d 95, 99 (1976)) [emphasis in *Havenner*]. As we already have explained, determination of the employment issue was not necessary to a "resolution of the problem presented" by Graham's compensation claim. What is more, the Commission's order here, as in *Paolino,* denied the employee's claim altogether. It thus denied the employee any benefits under the Act and was, therefore, wholly in the employer's favor.[6]

Because the Commission's finding that Graham was employed by Murray International had no preclusive effect, we

---

**6.** Graham insists that the employment determination conferred a benefit on him and was, accordingly, appealable by Murray International. He attempts to conjure up the benefit from the provisions of Article 101, § 51. As we have seen, that section, among other things, declares invalid any agreement between an employer and an employee whereby the employer deducts worker compensation premiums from the employee's salary. This provision confers no benefit on Graham, as that term is used in *Paolino,* 314 Md. 575, 583, 552 A.2d 868, 872, *Great American Ins. v. Havenner,* 33 Md.App. 326, 332, 364 A.2d 95, 99 (1976), and similar cases. A "benefit," as those cases employ the word, means a grant of an award under Article 101, or something equivalent thereto; that is, something awarded by the Commission. The Commission has no authority to enforce § 51. It cannot apply that section to invalidate a contract and award restitution. That is within the province of a court. Thus, a Commission determination of employee status cannot, by itself, confer any benefit under that Article.

must reverse. The case must be returned to the District Court for a factual determination of the employment issue.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO VACATE THE JUDGMENT OF THE DISTRICT COURT AND TO REMAND TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY RESPONDENT.