Joan DIXON

v.

## SSA BALTIMORE FEDERAL CREDIT UNION.

Civ. No. L–91–170.

United States District Court, D. Maryland.

March 31, 1992.

Barnett Q. Brooks, Linthicum, MD, for plaintiff.

F. Joseph Nealon and Amy S. Owen, Washington, DC, for defendant.

### MEMORANDUM

LEGG, District Judge.

In this case the Court is called upon to decide cross-motions for summary judgment. For the reasons stated herein, the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied as moot.

### I. *Facts*

The Court finds the following facts to be undisputed and that the defendant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56.

Joan Dixon ("Dixon") was employed by SSA Baltimore Federal Credit Union ("Credit Union") from 1976 until March 1984 when she was terminated. At the time she was discharged she was the manager of the Credit Union's metro west branch and was responsible for supervising the employees at the branch.

On June 13, 1984, Dixon filed a claim for race discrimination with the Maryland Commission on Human Relations ("MHRC") and the Equal Employment Opportunity Commission ("EEOC") against the Credit Union.[1] The MHRC held a fact finding conference on October 9, 1984, and issued its findings of probable cause on October 19, 1987. The Credit Union filed exceptions to these find-

ings on November 30, 1987; the MHRC denied the exceptions on January 6, 1989.

While the charges were pending with the MHRC, Dixon filed a civil action in the Circuit Court for Baltimore City on March 17, 1987 against the Credit Union, a former manager, and a former employee. Her civil action focused on her termination and alleged breach of an employment contract, defamation, invasion of privacy and intentional infliction of emotional distress.

On December 30, 1988, Dixon amended her complaint and dropped her claim for intentional infliction of emotional distress and added a claim for negligent hiring and investigation. The defendants then moved for summary judgment on all of the counts.

On March 6, 1989, the Circuit Court heard argument on the summary judgment motions. Ruling from the bench, Chief Judge Robert I.H. Hammerman granted summary judgment for all of the defendants on all of the issues. In an unpublished opinion the Court of Special Appeals affirmed the Circuit Court's decision. The Court of Appeals denied Dixon's petition for certiorari.

After the petition was denied, Dixon requested the MHRC to certify her original charge for public hearing. On June 5, 1990, the MHRC set the matter for a public hearing, but upon further review, remanded the charge for further investigation.

On January 21, 1991, Dixon filed this Title VII claim, alleging racial discrimination. On February 26, 1991, the MCHR stayed its proceedings because this federal claim was based on the same set of facts.

### II. *Discussion*

In light of this factual background, the Credit Union, arguing that Dixon's Title VII claim is precluded by the earlier state court proceedings and is barred by laches, moves for summary judgment. The Court agrees and grants the defendant's motion.

---

1. On October 5, 1987, Dixon filed a second charge that alleged retaliation for filing her first charge. On May 9, 1988, the Commission dismissed the charge because it was untimely. At Dixon's request the Commission reviewed its decision and set forth its reasons in writing. Dixon did not pursue this claim.

### A. Claim Preclusion

■ 28 U.S.C. § 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state rendering the judgments. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). The Supreme Court has held this statute to apply to federal civil rights actions following state court actions. *Migra v. Warren City School Dist., Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In determining whether Dixon's earlier state action precludes Dixon's present federal claim, this Court looks to the laws of the State of Maryland. *Snell v. Mayor and City Council of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988).

■ Maryland law generally precludes the relitigation of matters that have been fully and fairly litigated and finally decided between the parties by a tribunal of competent jurisdiction. *Murray Int'l v. Graham*, 315 Md. 543, 547, 555 A.2d 502 (1989).[2] This policy avoids the expenses associated with multiple lawsuits, conserves judicial resources, and minimizes the possibilities of inconsistent decisions. *Murray Int'l*, 315 Md. at 547, 555 A.2d 502.

Under this doctrine of claim preclusion, a judgment entered between the same parties bars any other suit upon the same cause of action and is conclusive not only as to all matters decided in the original suit, but also as to all matters which could have been litigated in the first suit.[3] In *Kent County Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232 (1987), the Maryland Court of Appeals adopted the Restatement's "transaction test" in determining whether two causes of action are the same. Under this test all of the plaintiff's rights to remedies against the defendant in a subsequent action are extinguished with respect to all or any part of the transaction, or series of connected transactions, out of which the first action arose. *Rowland v. Harrison*, 320 Md. 223, 230 n. 2, 577 A.2d 51 (1990). Thus, "a mere change in legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion." *Bilbrough*, 309 Md. at 495, 525 A.2d 232.

Applying these principles to Dixon's Title VII claim against the Credit Union, this Court holds that because the previous state court litigation between these same parties involved the same transaction challenged in this lawsuit, this federal action is precluded. *Snell*, 837 F.2d at 177.

In both the state and federal actions Dixon seeks to hold the Credit Union liable for the

---

**2.** Claim preclusion also results from summary judgments based on the lack of any genuine issue of material fact going to the merits of the claim. *See* Wright, et al., 18 *Federal Practice and Procedure* § 4444 (1981). This Court finds that Chief Judge Hammerman's ruling in open court and the unpublished, per curiam opinion of the Court of Special Appeals both went to the merits of Dixon's claim, and thus claim preclusion is applicable here.

**3.** The plaintiff contends that claim preclusion does not apply in this case because Dixon's Title VII action could not have been brought in state court originally. This argument is without merit.

First, in 1987, the state of the law in this Circuit was unclear as to whether federal courts had exclusive jurisdiction over Title VII claims. *See Greene v. County School Bd. of Henrico County, Virginia*, 524 F.Supp. 43, 45 (E.D.Va.1981) ("The language of Title VII neither expressly nor by necessary implication vests the federal courts with exclusive jurisdiction."); *but see Glezos v. Amalfi Ristorante Italiano, Inc.*, 651 F.Supp.

1271, 1277 (D.Md.1987) ("Title VII claims can only be filed in federal court.").

More importantly, it does not matter whether Dixon's Title VII claim could have initially been brought in state court in 1987 because preclusive effect is given to state court proceedings arising out of the same transaction regardless of the theory of recovery. *See Kremer v. Chemical Constr. Co.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (state court judgment entered on claim brought under state employment discrimination law precludes federal action under Title VII).

Finally, in 1987, Dixon had the option of first bringing this Title VII claim in federal court and joining her state law claims under the court's supplemental jurisdiction. Dixon, instead, chose to pursue her state law remedies. *See Hogue v. Royse City, Texas*, 939 F.2d 1249, 1255–56 (5th Cir.1991) (plaintiff "took a calculated risk in filing separate suits in what well may have been an attempt to hedge his bets on which forum would be more favorable. [Plaintiff] lost that gamble and cannot now be heard to complain that he has not had his day in court.").

same conduct involving her termination as an employee. Both suits challenge the circumstances of Dixon's termination. Although the state court action proceeded under tort and contract theories, the complaint filed in federal court alleges the same basic facts, arising out of the same transaction, in support of Dixon's Title VII claim. Finally, implicit in all of her state law claims is the same charge of racial animus that underlies Dixon's Title VII claim.

The Court thus finds that under Maryland law the state court judgments entered against Dixon preclude this federal cause of action under Title VII. *Snell*, 837 F.2d at 177.

### B.  Doctrine of Laches

■     As an alternative ground, the Credit Union argues that its motion for summary judgment should be granted because of laches. In order to prevail on the defense of laches, the defendant bears the burden to show (i) unreasonable delay in bringing the action, and (ii) resulting prejudice to the employer. *Pande v. Johns Hopkins University*, 598 F.Supp. 1084, 1087 (D.Md.1984). The Court finds that Dixon's delay in bringing her Title VII claim was unreasonable and resulted in substantial prejudice to the defendant. Accordingly, the defendant's motion for summary judgment is granted for this reason as well. *See Pande*, 598 F.Supp. at 1087–89.

### III.  *Conclusion*

For the reasons set forth above, a separate order is entered herewith granting the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment as moot.

It is so ORDERED.