# BETHLEHEM SHIPBUILDING CORPORATION,
### EMPLOYER AND INSURER,

*vs.*

# GEORGE SIMMONS, CLAIMANT.

*Workmen's Compensation—Appeal from Commission—
Instructions—Form of Verdict.*

Under Acts 1914, ch. 55 (Code, art. 101, sec. 56), giving to any person feeling aggrieved by any decision of the Industrial Accident Commission a right of appeal to the circuit court for the county or in the common law courts of Baltimore City, an order of the commission refusing to reopen a case is appealable.                                                                pp. 507-509

On appeal from an order of the Industrial Accident Commission, it was error for the court to submit to the jury the question whether to affirm or reverse the decision of the commission, instead of leaving to the jury a finding or determination of fact.                                                               p. 510

Where, on appeal from the Industrial Accident Commission, there was but one issue involved, a verdict by the jury, the order of the commission "reversed," was sufficient.          p. 511

*Decided June 26th, 1923.*

Appeal from the Baltimore City Court (STUMP, J.).

Claim by George Simmons against the Bethlehem Shipbuilding Corporation, Limited, employer and insurer. From a judgment in favor of the claimant, reversing a decision of the Industrial Accident Commission, said employer and insurer appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and STOCKBRIDGE, JJ.

*Murray MacNabb,* for the appellant.

*Lindsay C. Spencer,* with whom were *Ernest E. Stanley* and *John W. Krebs* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a judgment rendered on the 15th of September, 1922, in the Baltimore City Court, reversing an order of the State Industrial Accident Commission, under the Workmen's Compensation Act of the State.

There are, practically, but three questions raised on the record in the case, and they are presented—

First, by the ruling of the court on the defendant's motion to dismiss the appeal on the ground that the court was without jurisdiction to hear it.

Second, the correctness of the ruling of the court on the appellant's prayers, the only bill of exception presented by the record; and

Third, that the court below erred in submitting to the jury the form of the issue "to affirm or reverse the decision" of the Commission and that a verdict in this case of simply reversing the decision of the Commission, as appears from the record, was not a finding of fact, and therefore erroneous.

The order of the Commission, passed on September 3rd, 1921, wherein the claimant's motion, to re-open his case, was denied and overruled, we think, was an appealable order under section 55 of the Acts of 1914 and the amendments thereto.

By this section, which regulates the taking of appeals, it is provided, that "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this act, may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the county or in the common law courts of Baltimore City having jurisdiction over the place where the accident occurred, or over the person appeal-

ing from such decision, and the court shall determine whether the Commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the act, whether it has misconstrued the law and facts applicable in the case decided. If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. Upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury, any question of fact involved in such case. The proceedings in every such an appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the Commission within thirty days following the rendition of the decision appealed from. An appeal shall not be a stay. If the decision of the Commission shall be changed or modified, the practice prevailing in civil cases as to the payment of costs and the fees of medical and other witnesses shall apply. Appeal shall lie from the judgment of the circuit court of the county or the common law courts of Baltimore City to the Court of Appeals as in other civil cases, and such appeals shall have precedence over all cases except criminal cases."

The order of September 3rd, 1921, was passed, in pursuance of the power conferred upon the State Industrial Accident Commission, to reconsider any case previously disposed of, to re-adjust the rate of compensation or to terminate the payments, should it be considered necessary.

By section 42 of the act it is provided: "If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the Commission may, upon application of any party in interest or upon

its own motion, readjust for future application the rate of compensation in accordance with rules in this section provided, or in a proper case, terminate the payments."

And by section 53 of the act it is further provided that the powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified.

In *Frazier* v. *Leas,* 127 Md. 576, it is said, the act secures to the party appealing the right to a jury trial, and the right to have "any question of fact involved in the case, submitted to a jury. The court is empowered to confirm, reverse, or modify the decision of the Commission and it is provided that in the proceedings on appeal, "full opportunity to be heard shall be had before judgment is pronounced."

As stated, if the appellant's contention that the Commission's order in refusing to reopen a case is a discretionary act, not subject to appeal, were a true exposition of the law, it would be possible for the Commission arbitrarily to refuse to reopen a case, thus effectually precluding an employee from ever securing an inquiry into the impaired state of his health, which may be visited upon him in the future as a direct result of the accident.

Section 55 of the act provides for an appeal from any ruling or order of the Commission, and the language of the section seems to show that the Legislature did not intend to restrict the application of the act, in the manner urged by the appellant, and to so hold, we think, would tend to defeat the very purpose of the act. *Frazier* v. *Leas,* 127 Md. 572; *U. S. F. & G. Co.* v. *Taylor,* 136 Md. 545.

The second and third objections present the rulings of the court on the prayers and the form of the verdict.

The appellant offered two (2) prayers. The first prayer was granted as modified in connection with the court's separate instruction, but its second prayer was refused. The court granted the following instruction of its own: The

court instructs the jury that if they find from the evidence that the finding of the State Industrial Accident Commission was on the 24th March, 1919, that the claimant, George Simmons, had been in the accident referred to, temporarily totally incapacitated, and shall further find from the evidence that finding of the Commission to have been correct, then in this proceeding the verdict of the jury shall be "affirmed." If on the other hand the jury find from the evidence the award above referred to not to have been correct, then their verdict shall be "reversed."

The appellant's first and second prayers were clearly erroneous and were properly refused and modified.

Nor do we think, that the court's instructions properly or correctly defined the issue to be decided by the jury. The prayer erroneously submitted to the jury the question, "whether to affirm or reverse," the decision of the Commission, instead of leaving to the jury a finding or determination of fact. It was for the jury to determine the issue of fact.

The record contains the following docket entries:

"10th June, 1922.—Motion by the defendant that the appeal of George Simmons, the claimant, from the decision of the State Industrial Accident Commission of Maryland passed on the 3rd day of September, 1921, be dismissed 'Overruled,' per verbal order of the court (Judge Stein).

"13th September, 1922.—Jury sworn.

"13th September, 1922.—Finding of the State Industrial Accident Commission of Maryland, 'Reversed.'

"13th September, 1922.—Judgment on verdict nisi.

"15th September, 1922.—Order of the State Industrial Accident Commission of Maryland 'Reversed.' "

In the recent case of *Schiller* v. *B. & O. R. R. Co.*, 137 Md. 242, this Court, in dealing with a somewhat similar condition and in commenting on section 55 of the Act of 1914, said:

"The provision as to the right of either party, on motion,

to have any question of fact submitted to a jury following the language above quoted, would seem to be intended to protect the constitutional right to a jury trial of the facts involved, but in such a way as to enable the court to apply the law to the facts after they are found by the jury.

"For the practical working of such a scheme there does not seem to be any method so appropriate as the submission of issues in a manner analogous to the practice in cases sent from the orphans court or from courts of equity where it is desired that a jury shall pass on the facts."

It will be seen, however, there was but one issue, in this case, and the form of the verdict of reversal, under the decisions of this Court, would be sufficient.

In *Schiller* v. *B. & O. R. R. Co.*, 137 Md. 235, it is said, it may well be that in many cases, a verdict for the appellant or for the appellee would be equivalent to a finding of the only fact, in controversy, and in such cases, that form of verdict would be sufficient, nor do we mean to say that in such cases it would be necessary to submit the fact in controversy in the form of an issue.    *Browne* v. *Browne*, 22 Md. 115.

Finding no reversible error, on the record now before us, the judgment of the Baltimore City Court will be affirmed.

*Judgment affirmed, with costs.*