# BALTIMORE CITY COURT.

Filed March 19, 1928.

HENRY LASKOWSKI
VS.
THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, EMPLOYER, AND THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., INSURER.

William W. Powell and A. K. Rifman for claimant.

Roszel C. Thomsen for employer and insurer.

STEIN, J.—

The motion here is to dismiss the appeal on the records of the proceedings before the commission in this and in the former appeal in the same case.

These proceedings were begun by a letter, signed by "Dan M. Vann for John H. Filler, Superintendent Maryland Claim Department," addressed to and filed with the commission on September 3, 1926, but dated September 1, 1926, enclosing the claim of Henry Laskowski for compensation for a disability alleged to have resulted from an accidental injury to the claimant on May 15, 1926; arising out of and happening in the course of his employment, with the American Agricultural Chemical Company. As a result of the receipt of this letter the commission framed the following issues, viz:

1. Whether or not claimant met with accidental injury arising out of and in course of employment.

2. Whether or not disability complained of is the result of accidental injury arising out of and in course of employment.

3. Whether or not the employer and insurance company was prejudiced by claimant's failure to give notice of accident and file claim in accordance with Secs. 38 and 39 of Compensation Law.

4. Average weekly wage.

5. Any other issue of fact of law pertinent.

On September 22, 1926, a hearing was had on these issues; the claimant appeared without counsel, and testified; the employer and insurer appeared with counsel. On October 2, 1926, the commission passed an order, reciting the hearing, issues and presence of all parties, found as follows:

"On the first and second issues for the employer; on third issue, that the

employer and insurer were prejudiced by failure of the claimant to notify his employer of the alleged accident and to file his claim for compensation within the time provided by the Act; and on the fourth issue, that the claimant's average weekly wage was $21.

The order disallowed the claim of Henry Laskowski.

The claimant, by his attorney, appealed on October 30, 1926; the papers were sent to this Court; the employer and insurer on January 28, 1927, filed a motion to dismiss the appeal, because:

1. The record shows: that the claimant failed to notify his employer of the alleged accident within the time provided by the Workmen's Compensation Act, and that the commission refused to execute such failure because the employer and insurer were prejudiced thereby.

2. The record shows that the claimant did not file his claim within the time provided by the Workmen's Compensation Act and the commission by its order refused to execute such failure because the employer and insurer were prejudiced thereby.

3. The appeal was not taken within thirty days from the date of the decision appealed from.

Thereupon on February 19, 1927, the Baltimore City Court passed an order:

"That the appeal of said Henry Laskowski be and the same is hereby dismissed *without prejudice* to the right of said Henry Laskowski to institute further proceedings before the State Industrial Accident Commission."

Thereafter on the same day, the claimant, by his counsel, filed with the commission a petition to reopen his case, and to permit him to prove the issues heretofore raised by the Employers' Liability Assurance Corporation, Ltd., insurer, as set forth in the above order of the commission, dated October 2, 1926, disallowing the petitioner's claim.

The petition set out the following reasons for reopening this claim, viz:

1. Claimant does not speak English and was not represented by counsel at the hearing had on September 22, 1926.

2. Claimant lived alone on date of injury—went to bed on that day— there remained for two days—was removed to the hospital—was operated on—remained in the hospital for a long period of time, during which he was treated once a week by a physician selected by the insurer, at whose suggestion the claim was filed.

3. Because the former order was based on false and fraudulent testimony.

On March 30, 1927, the commission set this petition for hearing on April 4, 1927, by an order which recited that the hearing would be had on the following grounds, viz: "Petition to Reopen."

Hearing was had, all the parties appeared; the plaintiff and his witnesses testified. The commission passed an order, which recited, among other things, that at claimant's request the hearing was had on his petition to reopen; and orders as follows, viz:

"It is, therefore, this eighth day of April, 1927, by the State Industrial Accident Commission, ordered that the petition filed in these proceedings to reopen the above-entitled case, be and the same is hereby denied."

An appeal from this order was filed in this Court on April 27, 1927; on that day was served on one member of the commission; notice was sent to all parties on the next day; and the papers were sent to the Baltimore City Court. A stipulation signed by counsel for all parties has been filed in the proceedings which makes the record of the proceedings resulting in the first appeal, part of the record of this appeal. The employer and insurer filed their motion to dismiss the appeal on five grounds, of which the first and second are substantially like those in the first appeal, and granted upon claimant's failure to give notice and to file claim within times named by the Act; the third reason, is because the order of April 8, 1927, is not an appealable ruling; the fourth is, because the claimant showed no grounds to reopen; the fifth is, "for other reasons to be shown at the hearing."

In the Keystone Lime & Stone Co. vs. Kabat, 142 Md. 562, the Court of Appeals without passing on the right of appeal, reviewed a claimant's appeal from the commission's refusal to reopen, in Bethlehem Shipbuilding Co. vs. Simmons, 143 Md. 506, specifically considered the right of appeal from such an order, and held an appeal therefrom could be had; so that the third ground is not well taken. Under

Title Guarantee & Trust Company vs. Burdette, 104 Md. 566, the fifth ground, i. e., for "other reasons to be shown at the hearing," is too indefinite to entitle it to consideration. Under the same authority the fourth ground alleged that the claimant showed no grounds to reopen, is too vague to be considered. So that the first and second grounds alleged in the motion to dismiss are the only ones left to be considered.

These motions were filed in an attempt to have the Court apply the rule laid down in the Kabat case, supra, which on the facts in that case held no appeal could be had to a Court of law from the order of the State Industrial Accident Commission refusing to excuse claimant's delay in giving notice of the injury or in filing the claim within the time limited by the statute.

This question, an important one, arises not infrequently, but will not be considered here, because the commission's order refusing to excuse the claimant for his above failures to give notice of the injury and to file his claim within the time limited by statute, was passed on October 2, 1926; an appeal therefrom taken on October 30, 1926, on the claimant's petition was dismissed on February 19, 1927, although the order recited the dismissal "was without prejudice to the claimant's right to file a petition to institute further proceedings before the commission"; it did not and could not enlarge the statutory rule requiring an appeal to be taken "within thirty days following the rendition of the decision appealed from"; it therefore follows that the appeal from the order of April 8, 1927, refusing to reopen does not allow the Court to review the commission's order of October 2, 1926, refusing to excuse the claimant's failures to give notice, and to file his claim within the statutory times; this leaves for review on the appeal the commission's refusal to reopen.

As the commission's order of October 2, 1926, did not excuse the claimant's above named failures, his claim was barred by the statute—Kabat case, supra, at 572—the commission's refusal to reopen the case did not remove that bar; as a matter of law the appeal of April 27, 1927, must be dismissed, under the Kabat case, supra.

It is so ordered.