570 A.2d 382

**INSTITUTE OF MISSION HELPERS, et al.**

v.

**Eva N. BEASLEY.**

**No. 1000, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 5, 1990.

156

Alan M. Carlo (Montedonico & Mason, Chartered, on the brief), Baltimore, for appellants.

Allan Heneson (Gordon & Heneson, P.A., on the brief), Baltimore, for appellee.

Argued before WILNER, GARRITY, JJ., and JAMES S. GETTY, Judge of the Court of Special Appeals (retired), Specially Assigned.

WILNER, Judge.

Dissatisfied with a decision of the Workers' Compensation Commission, the claimant, Eva N. Beasley, filed an appeal to the Circuit Court for Baltimore City. The employer moved to dismiss the appeal on the ground that it was untimely. The court rejected that defense and, in disposition of the appeal, remanded the case to the Commission. Aggrieved by both the holding that the appeal was timely and the remand to the Commission, the employer has appealed.

The underlying facts are essentially undisputed. The claimant sustained an accidental injury on October 7, 1980, while in the course of her employment with appellant. She claimed to have injured her head, neck, back, and shoulder. Benefits for temporary total disability were paid for the period October 11, 1980–February 15, 1981. By order dated July 24, 1981, the Commission found that she had a permanent partial disability amounting to 5% industrial loss of use of the body by reason of an injury to her neck and a permanent partial disability amounting to 15% industrial loss of use of the body by reason of an injury to her low back. Of that latter disability, 5% was attributed to the accident and 10% to a preexisting condition.

On September 2, 1983, following a hearing on the claimant's petition to reopen the case, the Commission found that Ms. Beasley had suffered another period of temporary total disability from April 21 to May 22, 1983 and that her permanent partial disability had increased to 7½% with respect to the neck and to 17½% with respect to the back. As before, 10% of the body loss arising from the back injury was attributed to a preexisting condition.

On October 27, 1987, the claimant filed another petition to reopen the case, alleging that, since the last award, her injuries "have become worse requiring her to seek additional medical treatment and she is now temporarily totally disabled. In addition, her permanent partial disability has increased." On September 7, 1988, the Commission certified three specific issues to be considered: temporary total disability from October 1 to 15, 1987; nature and extent of permanent partial disability to the neck and back; and certain medical expenses allegedly incurred by the claimant. A hearing on those issues was held on October 27, 1988. Three days later, the Commission, through Commissioner L. Douglas Jefferson, issued the following order:

"Hearing was held in the above claim at Baltimore, Maryland on October 27, 1988, on the claimant's Petition to Reopen for worsening of condition; and it is this 31st day of October, 1988, by the Workers' Compensation Commission ORDERED that the Petition to Reopen is hereby denied."

On November 2, 1988, claimant's counsel wrote to Commissioner Jefferson complaining about the lack of any findings. He noted that at the hearing the Commissioner indicated that he was "in all probability going to make a finding that any worsening of the claimant's condition was not causally related to her accidental injury of October 7, 1980," but that the order "simply denies the claimant's petition to re-open." The letter concluded: "If in fact your finding is that the worsening of the claimant's condition is not causally related to her October 7, 1980 accidental injury, it is requested that you amend your decision to reflect this."

On November 18, Commissioner Jefferson acknowledged claimant's request and the employer's opposition to it and informed the parties that "[t]he Commission has decided to set the matter for hearing," notice of which "will be forthcoming."

On March 31, 1989, a hearing was held before Commissioner Jefferson. The claimant's attorney again pointed out that the order contained no findings, whereupon Commissioner Jefferson announced that he was under no obligation to give any reasons for a decision on a motion to reopen. He opined: "I don't think we have to render an opinion or tell you why we're making that decision, and when the court reviews it, if there's any evidence in the record to support the decision, the court is supposed to uphold us." When asked whether it was necessary for him to make a finding in order to reach a decision, the Commissioner acknowledged that it was but that "I don't have to share that finding of fact with anyone." [1] This, he said, was true even though the Commission, in addressing a petition to reopen a case, often considers the merits of the case in conjunction with the threshold question of whether to reopen:

> "[T]his is a Petition to Reopen, this is not a hearing on the merit[s], even though many times we merge the two. You file a Petition to Reopen, we come in, and we hear the case on the merit[s]. That's what we do; *we don't hear the case on whether or not you should be allowed to reopen it. We do both at one time; we do your Petition to Reopen and we do the case on the merit[s].*

---

1. Commissioner Jefferson based this notion on the Commission's caseload. In a later remark, he said: "I'm going to tell you what the reason is. It's a very simple one. You know, we set, generally, 15 to 25 cases a day. The courts probably set maybe three to four. They may hear one, two a week, if they go to jury trial. Okay. So they have a lot more time to fool around with opinions, facts. Okay. We fool around with them but we don't have the time to write them down. *If I had to render a finding of fact in every case that I heard, this Commission would stop.* It would not work. And this is why we render decisions and not opinion." (Emphasis added.)

And I'm saying, even though I heard them both, that doesn't mean that you reached the second prong of what you were doing, because I didn't grant the Petition to Reopen."

(Emphasis added.)

After some further discussion along these lines, counsel asked the Commissioner at least to review again the medical reports in the file, which the Commissioner agreed to do.

On April 18, 1989, Commissioner Jefferson issued the following order:

"Hearing was scheduled in the above claim at Baltimore, Maryland, on March 31, 1989 *on the claimant's Motion for Rehearing.*

At said hearing, no testimony was taken, argument was heard; and the Commission, *having granted the claimant's Motion for Rehearing,* will affirm its Order dated October 31, 1988."

(Emphasis added.)

On April 24, 1989, the claimant filed her appeal to the circuit court from the decision of the Commission "dated April 17, 1989, affirming its previous Order of October 31, 1988, denying the Claimant's Petition to Re–Open." In the petition accompanying the order of appeal, the claimant alleged that, in denying the petition to reopen, the Commission misconstrued applicable law and facts and that its decision was contrary to the evidence and erroneous in its application of the law to the facts. The employer's motion to dismiss was based on the assertions that (1) no appeal lies from the denial of a motion to reopen, and (2) if such an appeal did lie, it would have to have been filed within 30 days after the October 31 denial of the petition to reopen. As noted, the court denied the motion to dismiss, "being of the opinion that the denial of the Claimant's Petition to Reopen was a denial of a Petition filed under Article 101 Section 40b and is appealable." On the merits, the court remanded the case to the Commission for the "issuance of

findings of fact or law relative to each issue raised by the Claimant in her Petition to Reopen."

In this appeal to us, the employer presses its argument that the claimant's appeal was filed too late and should therefore have been dismissed. It also urges that the appeal to the circuit court sought relief not requested in the Petition to Reopen, and that the court erred in remanding for a decision on an issue never raised before the agency. Finding no reversible error, we shall affirm.

■ The procedural aspects of appeals from the Workers' Compensation Commission are governed by Ch. 1100, Subt. B of the Maryland Rules. Rule B la. provides that the Subtitle B Rules apply to the review of any "final action" of an administrative agency. This is in accord with the general rule that "an action for judicial review of an administrative order will lie only if the administrative order is final." *Holiday Spas v. Montgomery County,* 315 Md. 390, 395, 554 A.2d 1197 (1989). To be "final" for purposes of judicial review, the order must "leave nothing further for the agency to do." *Id.* at 396, 554 A.2d 1197, quoting *Md. Comm'n on Human Rel. v. B.G. & E. Co.,* 296 Md. 46, 56, 459 A.2d 205 (1983).

We have no doubt that the October 31 order denying the petition to reopen, when issued, was final and could have been appealed. But because the order assigned no reasons for rejecting the petition, it would have been very difficult for the claimant to present an appeal on the merits. Although an appeal from a Commission order is often regarded as involving a *de novo* trial (*cf. General Motors Corp. v. Bark,* 79 Md.App. 68, 555 A.2d 542 (1989)), the actual issues to be reviewed by the court are whether the Commission justly considered all the facts concerning the injury, whether it exceeded its statutory powers, and whether it misconstrued the facts and law applicable to the case. Md.Ann. Code art. 101, § 56(a). Those questions obviously cannot be reviewed in a vacuum. A request that the Commission

amend its order by stating the basis for its decision was therefore entirely appropriate.

■ Notwithstanding the practical difficulty in framing an appeal on the merits from an order assigning no reasons for the decision, the mere filing of a request for clarification does not ordinarily stay the time for filing an appeal. If the order sought to be amended is indeed final, the time prescribed by Md. Rule B 4 would run from the time it is issued and sent to the parties. Thus, had the Commission either denied the request for clarification or done nothing with respect to it, the claimant would have had 30 days from October 31 to file her appeal. The appeal would have been a somewhat difficult one, no doubt, perhaps limited to challenging the Commission's failure to give reasons, but, subject to any extensions granted by the court pursuant to Md. Rule B 4 b., it would have to have been filed as we indicated.

■ Here, of course, the Commission neither summarily denied the request nor sat idle. In effect, it divided the request into two parts—one being a request that it consider making some amendment to the October 31 order and the other being a request that it actually amend the order in a particular way. The Commission had the statutory authority to do that. Art. 101, § 40(c) provides that the jurisdiction of the Commission over a case is continuing and that the Commission may, from time to time, "make such modifications or changes with respect thereto as in its opinion may be justified." The order entered on November 18, setting the request in for a hearing, effectively granted the first part of the request; the Commission agreed to consider the request for modification. When it did so, pursuant to its statutory power, the order of October 31 lost its finality. The question of reopening the case was back before the Commission for further review, and it would have been fruitless to pursue an appeal at that point, for the claimant could not then tell what the final resolution of the matter would be. As we indicated, the Commissioner agreed to

review again the medical reports and it was entirely possible that a different decision on the merits might have been forthcoming. The final decision did not come until April 17, 1989, when the relief sought by the request for clarification was denied.

■ Even if we were to regard the October 31 order as being the Commission's final decision, under the circumstances of this case the appeal would still have been timely. Art. 101, § 56(e) allows a party, within 15 days after the Commission's decision, to file a motion for rehearing on the ground of newly discovered evidence or that the Commission committed an error of law. If a motion for rehearing is filed, the time for appeal does not commence until the motion is ruled upon. It is evident, of course, that the claimant's request for modification alleged neither error of law nor newly discovered evidence, and thus could not properly have been regarded as a motion for rehearing. But that is precisely how the Commission treated the request, and, having treated it that way—even if wrongly—it must be regarded for purposes of § 56 as a motion for rehearing. Accordingly, under this theory as well, the time for appeal did not begin to run until April 17. The motion to dismiss the appeal in circuit court was therefore properly denied.

■ Appellant's second complaint in this appeal is that the appeal to the circuit court should have been dismissed because the claimant was asking for relief that had not been considered by the Commission. In her petition filed in the circuit court, the claimant alleged that she had sustained an increase in permanent disability rendering her permanently *totally* disabled. That issue—of permanent total disability—had not been presented in her petition to reopen the case. It would, therefore, have been appropriate for the court to decline to address that issue, as it had not been raised before or decided by the Commission. But that was not the sole basis of the appeal, which rested principally on the Commission's refusal to reopen the case for the

purpose of finding additional temporary total disability and requiring the employer to pay certain medical expenses. That one issue was not proper does not require that the entire appeal be dismissed.

We have already commented to some extent on the extraordinary notion expressed by Commissioner Jefferson that the Commission is free to make factual findings and legal conclusions and not disclose them to anyone. That is simply not the law. For those agencies subject to the Administrative Procedure Act, the requirement that the agency make and disclose specific findings of fact and conclusions of law is statutory. *See* Md. State Gov't Code Ann., § 10–214. But even agencies, such as the Workers' Compensation Commission, that are not under that Act are subject to that requirement. In *Blue Bird Cab v. Dep't Emp. Sec.*, 251 Md. 458, 466, 248 A.2d 331 (1968), the Court held that "a fundamental requirement of due process of law in a quasi-judicial proceeding is the right of the parties to be apprised of the facts relied upon by the tribunal in its decision." *See also Baker v. Board of Trustees*, 269 Md. 740, 747, 309 A.2d 768 (1973); *Turner v. Hammond*, 270 Md. 41, 55–56, 310 A.2d 543 (1973); *Ocean Hideaway Condo. v. Boardwalk Plaza*, 68 Md.App. 650, 656, 515 A.2d 485 (1986).

It is not necessary for the Commission to write lengthy opinions, and indeed that is not what the claimant sought in this case. It is necessary only that, when deciding a claim or otherwise ruling upon substantive issues, the Commission state the basis for its decision or ruling. In this case, it would have sufficed (if it were the case) had the Commissioner simply stated a finding that there was no worsening of the claimant's condition or that any such worsening was not causally related to the accident. That, at least, would have informed her of why her petition to reopen was denied and given her a reasonable basis for deciding whether to

appeal.   Because he failed in this obligation, the court acted properly in remanding the case.

JUDGMENT AFFIRMED;   APPELLANT TO PAY THE COSTS.