718 A.2d 685

**FREDERICK COUNTY BOARD OF COMMISSIONERS, et al.**

v.

**Charlotte V. SAUTTER.**

**No. 50, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Oct. 5, 1998.

John M. Quinn (Quinn, McAuliffe, Rowan & Falconer, on the brief), Rockville, for appellants.

David E. Fink, Baltimore, for appellee.

Argued before MURPHY, C.J., and SALMON and EYLER, JJ.

EYLER, Judge.

The question presented by this appeal is whether the Circuit Court for Frederick County erred in dismissing a petition for judicial review of a decision by the Workers' Compensation Commission (Commission) on the ground that the petition had not been timely filed. We hold that the circuit court did err, reverse the judgment entered by it, and remand for further proceedings.

### Factual Background

On October 3, 1996, Charlotte Sautter, appellee, filed a workers' compensation claim against Frederick County Board of Commissioners, employer, and Great American Insurance Companies, insurer, appellants, as the result of an alleged injury sustained on August 23, 1993. Pursuant to Md.Code (1991 Repl.Vol.), Labor & Employment Article (LE), § 9–713, the Commission notified appellants that they had until October 28, 1996, to respond to the claim. That date, in workers' compensation law, is known as the "consideration date." [1]

Appellants did not respond by that date, and the Commission, on November 6, 1996, issued an order finding that appellee had sustained an accidental injury arising out of and in the course of employment. The order noted that appellee's average weekly wage was not reported, and further, that the

---

1. More particularly, the consideration date is the date after which the Commission will decide the claim, without a hearing and based on the information in the file, if issues are not filed prior to that date. *Suber v. Washington Metropolitan Area Transit Authority*, 73 Md.App. 715, 718 n. 1, 536 A.2d 142 (1988); *Esteps Elec. & Petroleum Co. v. Sager*, 67 Md.App. 649, 651 n. 1, 508 A.2d 1032 (1986).

nature and extent of disability sustained, if any, could not be determined at that time. The order further provided that the claim for compensation "be held pending until such time as the nature and extent of the claimant's disability, if any, can be determined."

When notice of the filing of the claim arrived at the insurer's office, the adjuster who normally would have responded was out of the office due to surgery. After returning to the office, the adjuster, on November 11, 1996, filed a notice raising the following issues: (1) did appellee sustain an accidental personal injury arising out of and in the course of employment; (2) is the disability of the appellee the result of an accidental personal injury arising out of and in the course of employment; (3) is the claim barred by the statute of limitations; (4) what is the amount of average weekly wage; and (5) other issues to be raised at the time of a hearing.

On November 20, 1996, counsel for appellants filed with the Commission one of the Commission's printed forms entitled, "Request for Reopening, Reconsideration, or Rehearing." Under a heading, "Type Action Requested," the following options appeared:

Reopening due to a worsening of the claimant's condition.
Reconsideration of a former decision, order, or award of the Commission.
Rehearing.

A box appeared to the left of each of the options. The box beside the reconsideration option was checked. On another location on the form, under the heading, "Justification/Reason for Request," the following information was typed:

Claim form came in while responsible supervisor was disabled from excruciating neck pain. Responsible supervisor ultimately had serious neck surgery, but immediately upon return filed issues. There are serious and material issues including Statute of Limitations, accidental injury and causal relationship.

The Commission scheduled a hearing for January 15, 1997. Prior to that date, counsel for appellee requested a postpone-

ment, counsel for appellants consented, and the hearing was postponed. On January 27, 1997, in an order referring to appellants' motion as a "motion for rehearing," the Commission denied appellants' request.

On February 13, 1997, appellants filed a petition for judicial review in the Circuit Court for Frederick County. Appellee filed a motion to dismiss the petition on the ground that more than 30 days had elapsed between the November 6, 1996 order and the filing of the petition, and thus, the petition was untimely. Appellants opposed the motion to dismiss and also filed a motion for summary judgment seeking an order that the claim be remanded to the Commission for a hearing on the issues raised by appellants.

The circuit court granted appellee's motion to dismiss and denied appellants' motion for summary judgment. In doing so, the circuit court held that appellants had filed a request for reconsideration, not a motion for rehearing. The circuit court explained that the request could not be for a rehearing because there never had been a hearing; consequently, a request for reconsideration was the only option available to appellants. Because workers' compensation law tolls the time for filing a petition for judicial review only with respect to a motion for rehearing and not a motion for reconsideration, the circuit court dismissed the petition. Appellants noted a timely appeal to this court.

## Discussion

■■ Although neither party raised the issue of finality of the Commission's decision, and indeed, both maintain that it is a final order, we believe that, preliminarily, we should comment on its finality and consequent appealability. *See Montgomery County v. Ward,* 331 Md. 521, 526 n. 6, 629 A.2d 619 (1993) (noting that the finality of an administrative order, while not affecting a trial court's jurisdiction of a petition to review the order, should be treated like a jurisdictional question, and thus, should be addressed by the Court *sua sponte* ). " '[F]inal order' or 'final action,' within the ambit of the Workmen's Compensation Law, means an order or award

made by the Commission in the matter then before it, determining issues of law and of fact necessary for a resolution of the problem presented in that particular proceeding *and* which grants or denies some benefit under the Act." *Paolino v. McCormick & Co.,* 314 Md. 575, 583, 552 A.2d 868 (1989) (quoting *Great American Ins. Co. v. Havenner,* 33 Md.App. 326, 332, 364 A.2d 95 (1976)) (emphasis in original). *See also Murray Intern. Freight Corp. v. Graham,* 315 Md. 543, 553, 555 A.2d 502 (1989). The Court of Appeals has noted that "[a] 'benefit,' as those cases employ the word, means a grant of an award under Article 101 [predecessor to LE Title 9], or something equivalent thereto...." *Murray International,* 315 Md. at 553 n. 6, 555 A.2d 502. We view a finding that the claimant sustained an accidental injury arising out of and in the course of employment to meet this definition of benefit. By virtue of such a finding, the employer becomes liable for providing the claimant with medical services and treatment. *See* LE § 9–660.

■ Pursuant to LE § 9–737 and Maryland Rule 7–203(a), a party seeking judicial review of a decision of the Commission must file a petition for judicial review in the circuit court within thirty days after the date of the Commission's order. If, within fifteen days of the Commission's order, a party files with the Commission a motion for rehearing pursuant to LE § 9–726, the time for seeking judicial review does not begin to run until the Commission disposes of the motion for rehearing.[2]

---

**2.** LE § 9–726(a) and (f) provide:

(a) Filing of motion.—Within 15 days after the date of a decision by the Commission, a party may file with the Commission a written motion for a rehearing

. . .

(f) Effect on time for taking appeal.—If a party files a motion for a rehearing in accordance with subsection (a) of this section, the time within which an appeal may be taken from the decision starts on:
(1) the date on which the Commission denies the motion for a rehearing; or

Appellants filed their petition for judicial review well over thirty days after the Commission's November 6, 1996 order, the subject of the petition for judicial review. Accordingly, appellants' petition was filed timely only if their filing on November 20, 1996 was a motion for rehearing that extended the time for seeking judicial review. Appellants assert that their filing was a motion for rehearing. Appellee asserts that appellants' filing was a motion for reconsideration, pursuant to LE § 9–736,[3] which did not extend the time for judicial review.

 Before we more particularly address each of the parties' respective contentions, we shall briefly set forth some basic distinctions between motions for rehearing, motions for reconsideration and motions for reopening as those terms are

───────

(2) if the Commission grants the motion for rehearing, the date on which the Commission passes an order under subsection (3) of this section.

**3.** That section provides:

**Readjustment; continuing powers and jurisdiction; modification.**

(a) *Readjustment of rate of compensation.*—If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

(b) *Continuing powers and jurisdiction; modification.*—(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

(c) *Estoppel; fraud.*—(1) If it is established that a party failed to file an application for modification of an award because of fraud or facts and circumstances amounting to an estoppel, the party shall apply for modification of an award within 1 year after:

(i) the date of discovery of the fraud; or

(ii) the date when the facts and circumstances amounting to an estoppel ceased to operate.

(2) Failure to file an application for modification in accordance with paragraph (1) of this subsection bars modification under this title.

used in the context of worker's compensation law. "Motion for rehearing" is a term used in LE Title 9 to describe only motions filed pursuant to LE § 9–726. As noted above, such motions extend the time for seeking judicial review, and must be filed within fifteen days of the Commission's order. In addition, such motions must be grounded on either an error of law or newly discovered evidence. *See* LE § 9–726(d)(3) and COMAR 14.09.01.14.D. The purpose of such motions is to reduce the number of judicial reviews by giving the Commission one last chance to review its decision. *See Stinnett v. Cort Furniture Rental,* 315 Md. 448, 453–55, 554 A.2d 1226 (1989).

Neither "motion for reconsideration" nor "motion for reopening" are terms expressly used in Title 9. Those terms, however, generally refer to motions filed pursuant to LE § 9–736.

As noted above, LE § 9–736 is comprised of two subsections governing applications for changes or modifications to the Commission's orders. LE § 9–736(a) governs applications for the termination of compensation or the readjustment for future application of the rate of compensation, based upon changes in the claimant's condition. LE § 9–736(b) is a more general provision regarding the Commission's continuing jurisdiction over claims. It provides that, for a period of five years from the last compensation payment, LE § 9–736(b)(3), "the Commission may modify any finding or order as the Commission considers justified." LE § 9–736(b)(2). The five year limitations period located in LE § 9–736(b)(3) has been held to apply to the Commission's power to modify orders under LE § 9–736(a) as well. *See Stevenson v. Hill,* 170 Md. 676, 684, 185 A. 551 (1936) (discussing Md.Code (1924, as amended by ch. 236, Acts of 1935), Art. 101, § 54, predecessor to LE § 9–736(b), and Art. 101, § 43, predecessor to LE § 9–736(a)); *Ireland v. Shipley,* 165 Md. 90, 166 A. 593 (1933) (same).[4]

---

**4.** Until 1957, the statutory predecessors of LE § 9–736(a), governing readjustments to the rate of compensation, and LE § 9–736(b), govern-

■ As discussed in *Stevenson, supra,* LE § 9–736(b) is not merely descriptive of the Commission's power to modify awards under LE § 9–736(a). Instead, it is a separate and distinct source of the Commission's power to modify its own orders. 170 Md. at 684, 185 A. 551. Thus, subsection (b), or its statutory predecessor, has been used by the Commission to revisit issues already decided by it. *See, e.g., Charles Freeland & Sons, Inc. v. Couplin,* 211 Md. 160, 126 A.2d 606 (1956) (regarding Md.Code (1951), Art. 101, § 53). The Commission need not find an error of law or newly discovered evidence before it reviews a prior decision under this subsection. We also have used subsection (b) to refer to a review based upon a change in a claimant's condition when the issue to be decided does not involve an adjustment of the rate of compensation. *See Luby Chevrolet, Inc. v. Gerst,* 112 Md.App. 177, 684 A.2d 868 (1996) (regarding claimant's petition to reopen for additional medical benefits related to claimant's worsening of condition). *See also Holy Cross Hosp. of Silver Spring, Inc. v. Nichols,* 290 Md. 149, 428 A.2d 447 (1981) (Md.Code (1957, 1979 Repl.Vol., 1980 Cum.Supp.), Art. 101, § 40(c) used to reopen claim for additional medical benefits, but limitations period located therein was construed not to govern medical benefits).

Regardless of whether the action sought is a review of prior findings or orders or the consideration of new issues based on a claimant's change in condition, the cases all refer to actions taken pursuant to LE §§ 9–736(a) or (b), or their statutory predecessors, in terms of "reopening." *See generally, e.g., Mayor and City Council of Baltimore v. Schwing,* 351 Md. 178, 717 A.2d 919, (1998); *Stevens v. Rite–Aid Corp.,* 340 Md. 555, 667 A.2d 642 (1995); *Vest v. Giant Food Stores, Inc.,* 329 Md. 461, 620 A.2d 340 (1993); *Holy Cross Hosp.,* 290 Md. at 149, 428 A.2d 447; *Charles Freeland,* 211 Md. at 160, 126 A.2d 606; *Stevenson,* 170 Md. at 676, 185 A. 551; *Ireland,* 165 Md.

---

ing modifications generally, were located in separate sections of the Worker's Compensation Article. By Chapter 814, Acts of 1957, they were recodified as subsections to the same section at Md.Code (1957), Art. 101, §§ 40(b) and (c).

at 90, 166 A. 593; *Luby,* 112 Md.App. at 177, 684 A.2d 868. The pertinent regulations, by contrast, do not reference the reopening procedure. Instead, they refer only to motions for reconsideration. In particular, COMAR § 14.09.01.16.A provides that "[a] party seeking modification of a prior finding or order shall file with the Commission a motion for reconsideration."

■ The form motion contained in this record reveals that the Commission distinguishes between reopening and reconsideration. It uses "motion for reconsideration" to refer to motions requesting the Commission to review its prior findings and orders while it uses "motion for reopening" to refer to motions requesting the Commission to review a claim based on a worsening of the claimant's condition. Although the form does not so indicate, presumably the Commission would similarly use the term "reopening" to refer to a review of a claim based upon the diminution of a claimant's disability.

■ As noted earlier, motions filed under LE § 9–736 do not extend the parties' time for seeking judicial review. If the Commission takes the action of vacating its prior order, however, its new order becomes one from which the parties may seek such review. *See Charles Freeland,* 211 Md. at 168, 126 A.2d 606 (review on merits is permitted when Commission reopens pursuant to Md.Code (1951), Art. 101, § 53 and then reaffirms its prior order); *Institute of Mission Helpers v. Beasley,* 82 Md.App. 155, 162, 570 A.2d 382 (1990) (when Commission agreed to consider the request for modification under Md.Code (1957), Art. 101, § 40(c) (predecessor to LE § 9–736(b)), the order it was reviewing lost its finality so time for judicial review was not running). *But see Ratcliffe v. Clarke's Red Barn,* 64 Md.App. 293, 494 A.2d 983 (1985) (judicial review not permitted when Commission reopened claim for sole purpose of attempting to revive claimant's right of review). If, by contrast, the Commission refuses to reopen a claim and revisit its prior decision, that refusal generally is not subject to judicial review. *See Gold Dust Corp. v. Zabawa,* 159 Md. 664, 152 A. 500 (1930); *Roadway Express, Inc. v.*

*Gray*, 40 Md.App. 66, 76, 389 A.2d 407 (1978). *Compare Charles Freeland*, 211 Md. at 165, 126 A.2d 606 (discussing *Bethlehem Shipbuilding Corp. v. Simmons*, 143 Md. 506, 122 A. 678 (1923), and *Zabawa, supra*) (noting that party may seek judicial review of refusal to reopen if motion to reopen is based upon new conditions or change in circumstances as opposed to a request for reconsideration of the prior order); *Beasley*, 82 Md.App. at 163–65, 570 A.2d 382 (when Commission denied claimant's petition to reopen, and petition was based on worsening of condition, Commission was required to articulate reasons for refusal and refusal was subject to judicial review). If appellants' motion in this case were a motion for reconsideration pursuant to LE § 9–736, the filing of the motion would not extend the time for judicial review, and the denial of the motion would not be subject to such review.

Appellee advances several reasons in support of his contention that appellants filed a motion for reconsideration pursuant to LE § 9–736, rather than a motion for rehearing pursuant to LE § 9–726. Appellee first notes that appellants' filing was not titled a "motion for rehearing." Next, appellee asserts that appellants could not have requested a rehearing because they never filed issues or requested a hearing prior to the time that the Commission issued its November 6 order. Finally, appellee maintains that, regardless of the titling of the motion, it was not, in substance, a motion for rehearing because it did not allege newly discovered evidence or error of law.

■ We agree with appellants that their filing did constitute a motion for rehearing within the meaning of LE § 9–726. Initially, we note that the fact that the Commission treated the filing as a motion for rehearing is significant. *See Beasley*, 82 Md.App. at 163, 570 A.2d 382 (given that Commission, even if in error, treated motion as one for rehearing, appellate court should so treat it). Further, contrary to appellee's assertion, the titling of a motion is not dispositive of whether, in fact, the motion is one for rehearing. *See Flying "A" Service Station v. Jordan*, 17 Md.App. 477, 302 A.2d 650

(1973) (holding that motion for reconsideration on grounds of error of law constituted motion for rehearing within meaning of Md.Code (1957) Art. 101, § 56(e), predecessor to LE § 9–726, and, consequently, the time for judicial review was extended). *See also Esteps Electrical,* 67 Md.App. at 652, 508 A.2d 1032 (noting that, "[b]y Motion for Reconsideration," appellant had timely moved for rehearing pursuant to Md. Code (1957, 1985 Repl.Vol.), Art. 101, § 56(e)). Indeed, if we were to hold otherwise, we would be elevating form over substance in a manner not consistent with general principles governing pleading in Maryland. *See Alitalia Linee Aeree Italiane v. Tornillo,* 320 Md. 192, 195, 577 A.2d 34 (1990) (noting that, ordinarily, "magic words" are not essential to successful pleading in Maryland, and that courts and administrative agencies are expected to look at the substance of the allegations before them, not merely at labels or conclusory averments. Thus, motion for rehearing was not defective for failure to use the words "error of law" or "newly discovered evidence.").

Similarly, appellee is mistaken that the fact that appellants did not file issues or request a hearing prior to the November 6 order precluded appellants from requesting a rehearing of that order. *Alitalia, supra,* is instructive.

In *Alitalia,* the Court of Appeals held that a motion for rehearing pursuant to Md.Code (1957, 1985 Repl.Vol.), Art. 101, § 56(e), the predecessor to LE § 9–726, did not have to be preceded by a hearing at which counsel or parties presented their positions orally before the Commission. In that case, as in this case, the appellee had attempted to argue that " '[t]here can be no motion for rehearing unless there has been a hearing' and . . ., therefore, that § 56(e)(iii) is inapplicable." 320 Md. at 195, 577 A.2d 34. The Court noted that the purpose of the rehearing rule, similar to Rule 2–535, is "to permit the tribunal to reconsider an action it has taken; it provides an opportunity for the tribunal to engage in an exercise in self-correction, thereby possibly avoiding an appeal." *Id.* at 198, 577 A.2d 34. After reviewing the purpose of the rehearing provision, the Court concluded that it is not

important whether the order challenged was preceded by an "oral, adversarial hearing." *Id.* In so holding, the Court of Appeals expressly disapproved of language we used in *Suber, supra,* and *East Coast Freight Lines, Inc. v. Harris,* 37 Md.App. 256, 377 A.2d 530 (1977), to indicate that there could be no rehearing where there had been no hearing. *Id.* at 200–01, 577 A.2d 34.

Similarly, the Court rejected appellee's argument that the motion was not one for rehearing because the motion did not employ the phrases "error of law" or "newly discovered evidence." *Id.* at 195–96, 577 A.2d 34. Instead, the Court looked to the substance of the allegations and determined that the employer was alleging errors of law. *Id.*

█ When considered substantively, appellants' request did implicitly and necessarily assert errors of law. In particular, the motion alleged that the claim was barred by limitations, and that the Commission had erred in finding the existence of an accidental injury and a "causal relationship," issues that necessarily are mixed questions of law and fact. We hold, therefore, that appellants' request functioned as a motion for rehearing within the meaning of LE § 9–726 and that appellants' petition for judicial review was timely. We are not otherwise persuaded by appellee's attempt to distinguish *Alitalia* on the basis that the motion in that case was, in part, titled a "motion for rehearing." As we noted above, the titling of the motion does not determine whether the motion constitutes one for rehearing.

The remaining question before us is whether and to what extent the circuit court should decide the issues raised by appellants prior to any remand to the Commission. Our decision in *Esteps Electrical,* 67 Md.App. at 649, 508 A.2d 1032, is instructive. In that case, the claimant filed two claims with the Commission. *Id.* at 651, 508 A.2d 1032. The employer did not file issues in a timely manner. *Id.* at 651–52, 508 A.2d 1032. The Commission, without a hearing, entered an order awarding temporary total disability in each case on the evidence in the record. *Id.* at 652, 508 A.2d 1032. The

employer moved for rehearing pursuant to Md.Code (1957, 1985 Repl.Vol.), Art. 101, § 56(e), the predecessor to LE § 9-726, but apparently entitling its pleading a motion for reconsideration. *Id.* The motions were denied and a petition for judicial review was filed in circuit court. *Id.* at 654, 508 A.2d 1032. Rather than permit the employer to try the issues *de novo*, the circuit court affirmed denial of the motion for rehearing on the ground that the Commission had acted within its discretionary powers. *Id.* at 655–56, 508 A.2d 1032.

On appeal to this Court, one of the issues was whether the circuit court could address the merits of the issues because they had not been timely filed before the Commission and had not been decided by the Commission. We held that the requirement that the Commission must first decide issues does not require that a formal issue be presented to the Commission. Rather, there need only be enough evidence before the Commission to permit it to pass on the question. We held that when the Commission has decided issues raised by one party, an appeal will lie as to issues decided, as long as there is no deliberate attempt to bypass the Commission. *Id.* at 660, 664, 508 A.2d 1032. More particularly, we stated:

> Appellee assumes that appellant's right to appeal is dependent upon an appellant's raising of issues before the Commission. The statute and the cases make clear that the standard of review on appeal relates to issues that were raised and decided on appeal, and not to who raises them. When a claim is made and the Commission passes an award, the Commission, of necessity, has had presented to it, and has decided, implicitly or explicitly, those issues relevant and pertinent to that claim. It makes no difference that the issues were raised by the claimant.

*Id.* at 664, 508 A.2d 1032. Despite appellee's assertions to the contrary, our holding in *Esteps Electrical* was based upon well-settled law. *See Cabell Concrete Block Co. v. Yarborough,* 192 Md. 360, 369, 64 A.2d 292 (1949)(formal issues need not have been submitted to the Commission as long as there was enough evidence before the Commission to pass on the issues); *Oxford Cabinet Co. v. Parks,* 179 Md. 680, 687, 22

A.2d 481 (1941)(employer's appeal allowed when employer made no effort to circumvent Commission).

In the case before us, there was no deliberate attempt to avoid the Commission. The Commission decided that appellee sustained an accidental injury arising out of and in the course of employment. Accordingly, appellants were entitled to a review of that issue by the circuit court. The preliminary issue of limitations, however, was not expressly addressed by the Commission.

There was evidence before the Commission relevant to the issue of limitations, inasmuch as the claim revealed the date of accident. Indeed, the claim appears to be time barred on its face. *See* LE § 9–709. Thus, the Commission may have excused the late filing of the claim in accordance with LE § 9–709(b)(2). That section permits the Commission to excuse the late filing of a claim if the Commission finds "(i) that the employer or its insurer has not been prejudiced by the failure to file the claim; or (ii) another sufficient reason." It would be impossible to review the Commission's findings on this issue, however, since none were articulated. Thus, the appropriate course of action is to remand this case to the circuit court with instructions to remand the case to the Commission for consideration of the limitations issue and all other outstanding issues. Any judicial review that occurs thereafter may include a review of the November 6, 1996 Order.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR FREDERICK COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**