725 A.2d 631

**ABF FREIGHT SYSTEM, INC.**

v.

**William R. GILCHRIST, Sr.**

**No. 758, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

March 2, 1999.

William R. Levasseur, Baltimore, for appellant.

John S. Smith, Glen Burnie, for appellee.

Argued before MOYLAN, WENNER and EYLER, JJ.

EYLER, Judge.

This case arises out of a workers' compensation claim filed by William R. Gilchrist, Sr., appellee, against his employer, ABF Freight Systems, Inc., appellant. The Workers' Compensation Commission denied appellee's claim for compensation, but the Circuit Court for Anne Arundel County, after a jury trial, awarded compensation. Appellee first filed a timely post-decision motion for rehearing but then sought judicial review while its post-decision motion was pending. The sole issue before us is whether a party's petition for judicial review of an otherwise final decision of the Commission is effective. We hold that the petition filed in this case was effective, and therefore, affirm the judgment of the circuit court.

Appellee received compensation from January 26, 1996, to February 18, 1996 and, subsequently, filed a claim for additional benefits. On December 13, 1996, the Commission held a hearing on that claim, and on December 24, 1996, the Commission denied it. On December 31, 1996, appellee filed a motion for rehearing, pursuant to § 9–726 of the Maryland Annotated Code, Labor & Employment article ("LE"). Because the motion was filed within 15 days of the decision, it extended the time for filing a petition for judicial review. *See* Md.Code, LE § 9–726(a) (Supp.1998). On January 13, 1997, before the Commission ruled on the motion, appellee filed a petition for judicial review in the Circuit Court for Anne Arundel County. On January 29, 1997, the Commission denied the motion for rehearing.

In the circuit court, appellant filed a motion to dismiss the petition on the ground that the circuit court lacked jurisdiction because the Commission had not rendered a final decision prior to the filing of the petition for judicial review. The circuit court denied the motion to dismiss, and the case was tried on December 2, 1997. The trial resulted in a jury verdict in favor of appellee. Appellant appealed to this Court and argues that the circuit court erred in denying the motion to dismiss because the circuit court lacked jurisdiction.

## Discussion

Appellant correctly observes that the Commission must have rendered a final decision before it could be judicially reviewed. *See Montgomery County v. Ward,* 331 Md. 521, 526, 629 A.2d 619 (1993); *Holiday Spas v. Montgomery County,* 315 Md. 390, 395–96, 554 A.2d 1197 (1989); *Murray Int'l v. Graham,* 315 Md. 543, 553, 555 A.2d 502 (1989); *Mission Helpers v. Beasley,* 82 Md.App. 155, 161, 570 A.2d 382 (1990). Appellant argues that appellee's timely motion for rehearing pursuant to LE § 9–726 destroyed the finality of the Commission's decision of December 24, 1996. As a result of the above, according to appellant, the judgment of the circuit court is null and void because there was no final administrative decision prior to the filing of the petition for judicial review. Alternatively, appellant argues that the same result is mandated because appellee failed to exhaust all administrative remedies prior to the proceedings in circuit court. Appellant relies on several decisions rendered by this Court and the Court of Appeals, primarily *Montgomery County v. Ward,* 331 Md. 521, 629 A.2d 619 (1993); *Blucher v. Ekstrom,* 309 Md. 458, 524 A.2d 1235 (1987)[1]; *Merlands Club, Inc. v. Messall,* 238 Md. 359, 208 A.2d 687 (1965)[2]; and *Mission Helpers v. Beasley,* 82 Md.App. 155, 570 A.2d 382 (1990).

Appellant also quotes certain language in LE § 9–726, which appellant interprets as postponing the permissible time for appeal by a party who files a motion for rehearing, as distinguished from nonmoving parties who may appeal during the pendency of such a motion. Section 9–726 of the Labor and Employment article provides:

(a) *Filing of Motion.*—Within 15 days after the date of a decision by the Commission, a party may file with the Commission a written motion for a rehearing.

---

1. *Blucher* was superseded by Rule 8–602(e), as stated in *Waters v. USF & G,* 328 Md. 700, 709, 616 A.2d 884 (1992).

2. *Merlands* was superseded by Rule 2–601, as discussed in *Rohrbeck v. Rohrbeck,* 318 Md. 28, 44–46, 566 A.2d 767 (1989).

(b) *Content.*—A motion filed under subsection (a) of this section shall state the grounds for the motion.

(c) *Motion not a stay.*—A motion for rehearing does not stay:

(1) the decision of the Commission; or

(2) the right of another party to appeal from the decision.

(d) *Decision on Motion.*—(1) Even if an appeal by another party is pending, the Commission promptly shall rule on a motion for rehearing.

(2) The Commission may decide a motion for rehearing without granting a hearing on the motion.

(3) The Commission may grant a motion for rehearing only on grounds of error of law or newly discovered evidence.

(e) *Holding rehearing.*—If the Commission grants a motion for rehearing, the Commission promptly shall hold the rehearing and pass an appropriate order, even if an appeal by another party is pending.

(f) *Effect on time for taking appeal.*—If a party files a motion for a rehearing in accordance with subsection (a) of this section, the time within which an appeal may be taken from the decision starts on:

(1) the date on which the Commission denies the motion for a rehearing; or

(2) if the Commission grants the motion for rehearing, the date on which the Commission passes an order under subsection (e) of this section.

(g) *Determination of questions on appeal.*—(1) If a court hears an appeal from the decision before the Commission rules on a motion for a rehearing under subsection (d) of this section or passes an order under subsection (e) of this section, the court shall determine each question of fact or law, including a question that is still before the Commission.

(2) If a court hears an appeal after the Commission rules on a motion for a rehearing under subsection (d) of this

section, the court shall determine each question of fact or law that arises under the original order and any later order that the Commission passes under subsection (e) of this section.

LE § 9–726 (Supp.1998). Appellant emphasizes the words "another party" in subsections (c), (d), and (e), and argues that the plain language of the statute does not permit a party to file a petition for judicial review before the Commission acts upon that party's motion for rehearing.

Appellee argues that the language in LE § 9–726 does not expressly prohibit a party from filing a petition for judicial review during the pendency of that party's motion for rehearing. Appellee also argues that the statute refers to other parties because a party bringing a motion for rehearing will ordinarily await the decision of the Commission on the motion before seeking judicial review.

We agree with appellee that, under LE § 9–726, a party may file an effective petition for judicial review while that party's motion for rehearing is still pending. A circuit court could act on the matter even if the Commission failed to rule on the pending motion. *See* LE § 9–726(g)(1) (Supp. 1998). We shall discuss that conclusion more fully below but need not rely on it to dispose of this appeal. We also conclude that, regardless of any uncertainty that would otherwise exist, the proceedings before the Workers' Compensation Commission became final before the circuit court decided appellant's motion to dismiss. On that basis, we affirm the court's denial of the motion to dismiss.

In *Kim v. Comptroller,* 350 Md. 527, 714 A.2d 176 (1998), the Court of Appeals considered a case involving circuit court review of a decision of the Maryland Tax Court, which, despite its name, is an administrative agency. James Kim contested a tax assessment against him, and at a hearing held on December 6, 1995, the Tax Court judge affirmed the assessment but waived all penalties that had been added to the assessment. *Kim,* 350 Md. at 530–31, 714 A.2d 176. The Tax Court judge delivered an oral ruling on that date, but directed the Assis-

tant Attorney General representing the Comptroller to submit a written order reflecting the ruling. *Id.* at 531, 714 A.2d 176. On December 11, 1995, Kim filed a petition for judicial review, and on December 18, 1995, the Tax Court entered a written order. *Id.* In the circuit court, the Comptroller moved to dismiss the petition for judicial review on the ground that it was filed before entry of the Tax Court's written order and was, therefore, premature. *Id.* The circuit court dismissed Kim's action on that basis. *Id.*

The Court of Appeals reversed the circuit court, and held that "where a petition for judicial review is filed prematurely because the agency action is not yet final, but where there is final agency action before any proceedings are undertaken in the circuit court, it is improper to dismiss the petition as premature." 350 Md. at 536, 714 A.2d 176. The Court noted that actions for judicial review of administrative determinations are original actions, not appeals. *Id.* at 534, 714 A.2d 176. For this reason, the Court added, the time requirements for filing petitions for judicial review are not jurisdictional, but are analogous to statutes of limitations. *Id.* at 535–36, 714 A.2d 176. The Court then analyzed the facts of that case in light of the established procedure regarding the premature filing of original actions. *Id.* at 536–38, 714 A.2d 176 (citing *Driggs Corp. v. Maryland Aviation Admin.,* 348 Md. 389, 408, 704 A.2d 433 (1998) (remanding premature petition for judicial review to circuit court and directing that court to proceed with judicial review if the agency action was final at that time or remand to the agency for a final decision); *Goicochea v. Langworthy,* 345 Md. 719, 729, 694 A.2d 474 (1997) (concluding that when an action subject to the arbitration provisions of the Health Care Malpractice Claims Act is filed in a circuit court, the court normally should stay the action pending resolution of the arbitration proceedings), *cert denied,* —— U.S. ——, 118 S.Ct. 321, 139 L.Ed.2d 249 (1997)). Since there was final agency action by the Tax Court prior to the circuit court's consideration of the motion to dismiss, the Court concluded that the circuit court should not have dismissed the case. *Id.* at 536, 714 A.2d 176.

*Kim* is dispositive of the present case. Even if we agreed with appellant that appellee's petition for judicial review was premature because of appellee's timely motion for rehearing, the Commission's decision on the rehearing request came more than ten months before argument on appellant's motion to dismiss. The circuit court was presented with an agency decision that indisputably was final at that time, and the court was therefore correct in denying appellant's motion to dismiss.

As promised earlier, we return to our first conclusion that appellee's petition for judicial review was not premature and the finality of the Commission's decision of December 24, 1996, was not disturbed by the filing of appellee's motion for rehearing. As an initial matter, we note that the cases cited by appellant on this issue are distinguishable. *Blucher v. Ekstrom*, 309 Md. 458, 524 A.2d 1235 (1987), involved an appeal from the Circuit Court for Carroll County to the Court of Appeals. 309 Md. at 459–60, 524 A.2d 1235. The Court held that there was no final judgment because only one count had been disposed of prior to the appeal. *Id.* at 462, 524 A.2d 1235. *Merlands Club v. Messall*, 238 Md. 359, 208 A.2d 687 (1965), involved an appeal from the Circuit Court for Caroline County to the Court of Appeals. 238 Md. at 360, 208 A.2d 687. An order of appeal was filed after the entry of a judgment *nisi* but prior to the entry of a judgment absolute. *Id.* at 361, 208 A.2d 687. The Court held that the appeal was premature and ineffective. *Blucher* and *Merlands* merely reaffirmed the state of the law at that time: Premature appeals were ineffective.[3] As the Court of Appeals noted in *Kim*, "The time requirements for filing appeals are ordinarily treated as jurisdictional in nature." *Kim*, 350 Md. at 535, 714 A.2d 176 (citing *Blake v. Blake*, 341 Md. 326, 338, 670 A.2d 472

---

**3.** Such a statement is not categorically true at present. *See, e.g., Edsall v. Anne Arundel County*, 332 Md. 502, 506, 632 A.2d 763 (1993) ("The notice of appeal, if otherwise effective under the provisions of Rule 8–202(a), will not lose its efficacy because a timely post-judgment motion is filed or is pending, but its effect will be delayed until the trial court rules on the pending motion, or it is withdrawn, as provided by the Rule." (footnote omitted)).

(1996) (quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)); *Dabrowski v. Dondalski,* 320 Md. 392, 398, 578 A.2d 211 (1990); *Walbert v. Walbert,* 310 Md. 657, 662, 531 A.2d 291 (1987) (quoting *Houghton v. County Comm'rs,* 305 Md. 407, 413, 504 A.2d 1145 (1986))). The language in *Blucher* and *Merlands* regarding appellate review does not apply to judicial review of an agency decision.

In *Montgomery County v. Ward,* 331 Md. 521, 629 A.2d 619 (1993), the Workers' Compensation Commission denied a claim, and subsequently, the claimant's motion for a rehearing. 331 Md. at 522, 629 A.2d 619. The claimant asked the Commission to reconsider its denial of the motion for rehearing, and the Commission rescinded the earlier order and reset the case for a hearing. *Id.* The employer then sought judicial review of the Commission's order rescinding its earlier order and resetting the case for rehearing. *Id.* The Court of Appeals held that there was no final appealable order before the circuit court because the order challenged by the employer merely put "the parties contentions back before the agency." *Id.* at 529, 629 A.2d 619. In *Mission Helpers v. Beasley,* 82 Md.App. 155, 570 A.2d 382 (1990), the Workers' Compensation Commission rendered a decision and then denied a motion to reopen. 82 Md.App. at 158, 570 A.2d 382. Subsequently, the Commission agreed to consider a motion for rehearing, which caused the order that was otherwise final to lose its finality. *Id.* at 162, 570 A.2d 382. In both *Montgomery County* and *Mission Helpers,* the Commission took action to make an otherwise final order not final. In the case before us, the Commission took no such action.

 Parties aggrieved by a final order of the Workers' Compensation Commission may seek judicial review of the order within 30 days under LE § 9–737, or if a timely request for rehearing is filed under LE § 9–726, within 30 days of the final action on that request. LE §§ 9–726(f), 9–737 (Supp. 1998). The references to "another party" in subsections (c), (d), and (e) of LE § 9–726 address the effect of a motion for

rehearing on parties that do not seek such action by the Commission. These subsections do not preclude by negative implication judicial review by a court when the Commission has taken no action on a pending motion for rehearing. Since, as we discuss above, the mere filing of a timely motion for rehearing under LE § 9–726 does not disturb an otherwise final order by the Commission, a petition for judicial review is effective if filed within the time requirements of that section. Finally, § 9–726(g) contemplates concurrent action by the Commission and a court on a motion for rehearing. This subsection is not expressly limited to parties that have not joined in the motion, and we decline to supply such a limitation.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**